312 P.2d 1068

**WESTERN FARM BUREAU MUTUAL
INSURANCE COMPANY, Plaintiff-
Appellant,**

v.

**D. L. LEE, Sr., Defendant-Appellee.**

No. 6198.

Supreme Court of New Mexico.

June 26, 1957.

J. D. Weir, L. J. Maveety, Las Cruces, for appellant.

Bean, Osborn & Snead, Roswell, for appellee.

McGHEE, Justice.

This case raises the question of the liability of an insurance company under an automobile insurance policy issued to defendant which provided the company would defend any suit brought against the insured and discharge any judgment rendered against him to the limit of its liability under the policy.

The insurance company brought an action for a declaratory judgment against the insured. The lower court held a general insurance broker and agent for the insurer had waived compliance by the insured with a provision in the automobile insurance policy that if a claim was made or suit brought against the insured, he would immediately forward to the insurer every demand, notice, summons or other process received by him or his representative. This provision was designated a "condition" in the policy and a further provision declared: "No action shall lie against the Company, unless as a condition precedent thereto, there shall have been full compliance with all the terms of this policy."

On appeal the insurer challenges the sufficiency of the evidence to support the court's finding of waiver and the accordant judgment against insurer for $577.02, to reimburse the insured for a judgment he had paid to one Fair for damages arising out of a collision with the insured vehicle, and for attorney's fees for the defense of Fair's claim, initiated by a counterclaim to an action for damages brought by the insured against Fair. The insurer objects that there is no evidence in support of the award of attorney fees, $250.

The insurance policy contained a provision that its terms could not be waived or changed, except by endorsement issued to form a part of the policy signed by an exec-

utive officer of the company. The insurer recognizes the general rule that after loss has occurred, provisions of a policy relating to the giving of notice or forwarding of process by the insured may be waived by someone having authority to bind the company (76 A.L.R. 23, at page 137; 123 A.L.R. 950, at page 972; 18 A.L.R.2d 443, at page 489) but urges the insured has not established that the agent had such authority.

Viewing the testimony in the light most favorable to the insured, as appellee, the facts are hereafter narrated.

The insured was in the business of selling alfalfa hay. He operated two trucks and a pickup which were insured by the plaintiff company through a local insurance agent, Carl Caruthers, who had been the agent for the insurer since 1948. The insured had obtained other insurance from Caruthers besides the policy in question and in the past had made claims by orally notifying Caruthers of the loss and the claims had been paid without any difficulty. The agent testified that ordinarily claims and notice of suit were reported to him orally and then he wrote the company. The insurer was familiar with the practices carried on in the area between insurance clients and agents. The insured had not read his policy of insurance and had not been subjected to liability by suit or counterclaim in connection with any of his insured property prior to Fair's obtaining his judgment

On April 27, 1953, a collision occurred between the insured's pickup truck and Fair's automobile. The insured went to Caruthers' office and orally notified him of the occurrence, making claim for the damages to his pickup. Caruthers prepared a written notice of the accident which he mailed to the insurer. The claims manager for the insurer received this notice and made no objection to its form or to the fact it had been sent by the agent. The claim was not paid, however, for the reason, communicated by the insurer to the agent, that the insurance policy did not provide collision coverage. The denial of the claim was not disputed by the insured who then made an effort to recover his damages from Fair. In this connection, several letters were written for the insured to Fair by the agent. When Fair did not accede to the demand made, the insured decided to bring suit against him and wrote a letter to the agent so advising. After suit was brought Fair counterclaimed for his damages and this fact was orally related by the insured to the agent. They discussed the matter on as many as three different occasions. The agent told the insured that the filing of the counterclaim was a natural consequence and there wasn't anything to worry about, that he (the agent) would take care of it, that all would be taken care of. The agent also told the insured there had been some other cases he had handled that the company had "paid off." The insured informed the agent

of the date for trial and having been assured by him that everything would be all right, the insured did not do anything more by way of communicating with the insurer. When the case came on for trial the insured was surprised no one had been sent by the insurance company to represent him.

■■ From this recitation of the testimony favorable to the insured it is apparent the case falls within the rules announced and the holding made in the case of Lind v. State Automobile Mut. Ins. Ass'n, 1934, 128 Ohio St. 1, 190 N.E. 138, 141, that conditions of an insurance policy requiring the insured to furnish various notices after loss, in a particular manner, are for the benefit of the insurer and may be waived by words or conduct inconsistent with an intention to demand exact compliance, from which the insured is led to believe such compliance is unnecessary; and, that the authority of an agent to effect a waiver may be established by proof of a course of conduct on his part, knowingly allowed by his principal, through which he has apparent power to accomplish the actions he undertakes. It was held:

"* * * in receiving notice through its agent the defendant was advised that its assured was dealing with the agent in respect to a matter which should have been communicated directly to it, and in the exercise of good faith and fair treatment it should have notified the assured of any objection. Through silence there was at least an implied invitation to the assured that he might properly communicate with the agent concerning the suit, as he had communicated with him in reference to the accident. * * *"

See also, Bruins v. Anderson, 1951, 73 S.D. 620, 47 N.W.2d 493 and Yannuzzi v. United States Casualty Co., 1955, 19 N.J. 201, 115 A.2d 557. This holding is in full accord with the principle of Douglass v. Mutual Ben. Health & Accident Ass'n, 1937, 42 N.M. 190, 76 P.2d 453.

■ The insurer objects that as the defense of waiver or estoppel is an affirmative defense under Rule 8(c), being § 21–1–1 (8)(c), N.M.S.A., 1953 Comp., it was error for the trial court to allow the insured to amend his counterclaim at the conclusion of the trial. The amendment was made to conform the pleading to the evidence and the point charging error is without merit. Rule 15(b) (§ 21–1–1(15)(b), N.M.S.A., 1953 Comp.)

■ The insurer concedes that if waiver was established as to the matter of the forwarding of process by the insured, then it was obligated to defend Fair's counterclaim and for failure to do so the insured is entitled to be reimbursed for his reasonable expense in employing an attorney for that purpose. It is argued, however, that no evidence was produced as to the manner in which the counterclaim was defended or how much time and effort was devoted to the matter by the attorney who was en-

gaged, that it is unknown what fee the insured paid his attorney or what portion of that fee was attributable to the presentation of the insured's complaint and what to the defense of the counterclaim. The insured answers he was entitled under the policy to be reimbursed for all reasonable expenses, including a reasonable attorney's fee for the defense of the counterclaim and that the determination of a reasonable fee was a matter within the discretion of the trial court.

We must agree with the insurer that there is a failure of proof on this point. Even if we assume the insured was entitled to a reasonable fee, rather than the amount of the actual fee, still the court may not set it without some evidentiary basis. What is reasonable in one case may be wholly unreasonable in another. The court must be apprised of the extent of the services rendered by the attorney before it can arrive at their reasonable worth. The portion of the judgment awarding $250 to the insured for attorney's fees must be reversed. Accordingly, the case is remanded to the lower court with direction to enter a new judgment disallowing the amount awarded the insured for attorney's fees. In all other respects the judgment appealed from is affirmed, costs of this appeal to be borne equally by the parties. It is so ordered.

LUJAN, C. J., and SADLER, COMPTON, and KIKER, JJ., concur.