543 P.2d 1185

Edgar C. BELL and Steve L. Bell,
Plaintiffs-Appellants,

v.

Karl WEINACKER and American Family
Life Assurance Company of Columbus,
Georgia, Defendants-Appellees.

No. 1938.

Court of Appeals of New Mexico.

Nov. 25, 1975.

Robert K. Patten, William N. Henderson, Gallagher, Ruud & Casados, Albuquerque, for plaintiffs-appellants.

James P. Houghton, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, for defendants-appellees.

## OPINION

WOOD, Chief Judge.

Plaintiffs sought relief against defendants in connection with an insurance policy issued by Assurance Company (American Family Life Assurance Company). The trial court granted summary judgment for defendants. Plaintiffs' appeal attacks the propriety of summary judgment as to each of the four theories stated in the complaint. They are: (1) recovery on the policy, (2) waiver of a policy provision, (3) estoppel to prevent reliance on a policy provision, and (4) fraud in selling the policy.

Assurance Company issued two policies of "cancer care" insurance. One was an individual policy to Steve. The other was a family policy to Edgar, the father of Steve. Steve submitted a claim for benefits under his individual cancer care policy. Assurance Company paid benefits pursuant to this claim. Plaintiffs allege that Assurance Company has refused to pay benefits (on the basis of Steve's cancer) under Edgar's family policy. On the record before us, it is a disputed issue of fact whether Steve was covered under Edgar's family policy. Assuming such coverage, defendants contend that summary judgment was proper as a matter of law as to each of plaintiffs' theories. See *Worley v. United States Borax and Chemical Corp.*, 78 N.M. 112, 428 P.2d 651 (1967).

*Recovery on the Policy*

Both policies have an "other insurance" clause. It provides:

"Insurance effective at any one time on the insured under a like policy or policies in this insurer is limited to the one such policy elected by the insured, his beneficiary or his estate, as the case may be, and the insurer will return all premiums paid for all other such policies."

Section 58-11-5(3), N.M.S.A.1953 (Repl. Vol. 8, pt. 2) authorizes the use of such a policy provision. Apart from statutory authority, such a provision is not against public policy. *Gibson v. Metropolitan Life Insurance Company*, 213 Kan. 764, 518 P.2d 422 (1974).

Plaintiffs do not claim the policy provision is invalid. They assert there was a difference between the policies and therefore the "other insurance" clause does not apply. The only difference in the policies shown in this record is type of coverage. One was an individual policy and one was a family policy, but the provisions of the two policies are identical. There is no issue of fact as to whether the two policies were "like" policies under the "other insurance" provision.

The "other insurance" provision barred recovery for Steve's cancer under Edgar's policy. The summary judgment on this issue is affirmed.

*Waiver, Estoppel and Fraud*

The uncontradicted showing is that Weinacker is an insurance agent licensed by New Mexico and authorized by Assurance Company "to sell" cancer care coverage on behalf of Assurance Company. There is no showing in the record as to the meaning of "to sell". It is uncontradicted that Weinacker took Edgar's application for cancer care coverage, processed the applications of both Edgar and Steve and mailed both applications to Assurance Company. There is a factual dispute as to whether Weinacker or another insurance agent took Steve's application for cancer care coverage.

Plaintiffs assert that Weinacker knew of the "other insurance" provision in the two policies, that by his actions in selling two

policies with a provision allowing Steve to recover only under one policy the defendants either waived the "other insurance" provision, or were estopped to rely on it, or committed fraud in selling policies containing the provision.

We emphasize that each of these three theories rely on the conduct of Weinacker in selling the policies. Defendants assert that plaintiffs' showing in connection with these theories is insufficient to defeat the summary judgment motion. This argument is not pertinent unless defendants make a prima facie showing that they were entitled to summary judgment. *Steadman v. Turner*, 84 N.M. 738, 507 P.2d 799 (Ct. App.1973).

An insurance agent can waive policy provisions. *Pribble v. Aetna Life Insurance Company*, 84 N.M. 211, 501 P.2d 255 (1972). An insurance company may be estopped to rely on policy provisions. *Homestead Invest., Inc. v. Foundation Reserve Ins. Co.*, 83 N.M. 242, 490 P.2d 959 (1971). Whether there was a waiver or an estoppel depends on the facts. *State Farm Mutual Automobile Ins. Co. v. Gonzales*, 83 N.M. 296, 491 P.2d 513 (1971). Defendants made a prima facie showing, in its affidavits, of no waiver and of no estoppel. This showing is based on an alleged meeting with Edgar four days subsequent to the applications for insurance. Edgar's affidavit is that no such meeting occurred. The date of this disputed meeting is prior to the time the applications were mailed to Assurance Company, and, thus, are pertinent to the "selling" of the insurance. Since there is an issue of fact as to whether the meeting occurred, defendants were not entitled to summary judgment on the issues of waiver and estoppel. Summary judgment as to those issues is reversed.

We do not reach the question of the sufficiency of defendants' showing on the fraud claim because that claim is insufficient to state a basis for relief. Section 21–1–1(9)(b), N.M.S.A.1953 (Repl. Vol. 4) requires that the circumstances constituting fraud shall be stated with particularity. This requirement is satisfied if the facts alleged are facts from which fraud will be necessarily implied. *Romero v. Sanchez*, 83 N.M. 358, 492 P.2d 140 (1971). The requirement is also satisfied if the allegations leave no doubt in the defendants' minds as to the claim asserted against them. *Maxey v. Quintana*, 84 N.M. 38, 499 P.2d 356 (Ct.App.1972). The claim is that the conduct of Weinacker in selling two policies, each of which contained an "other insurance" provision, amounted to fraud. Fraud will not necessarily be implied from such an allegation and the allegation does not inform defendants of the claim asserted against them. For the elements of fraud, see *Prudential Insurance Company of America v. Anaya*, 78 N.M. 101, 428 P.2d 640 (1967). The claim of fraud is insufficient. Compare *Steadman v. Turner*, supra. Accordingly, we do not reach the issue of the sufficiency of the facts. Upon remand, plaintiffs are given leave to amend the claim of fraud.

The cause is remanded with instructions to enter a new judgment as follows: (a) enter summary judgment in favor of defendants on the claim based on Edgar's policy; (b) deny the summary judgment on the claims of waiver and estoppel; and (c) give plaintiffs leave to amend the claim of fraud.

It is so ordered.

SUTIN and HERNANDEZ, JJ., concur.