· 632 P.2d 343

**Nick A. SANCHEZ, Jr., Plaintiff-Appellee,**

v.

**KEMPER INSURANCE COMPANIES, Defendant-Appellant.**

No. 13,076.

Supreme Court of New Mexico.

Feb. 25, 1981.

Rehearing Denied March 11, 1981.

Shaffer, Butt, Thornton & Baehr, Louise Gigson, James Johansen, William Madison, Albuquerque, for defendant-appellant.

Glass & Fitzpatrick, Charles N. Glass, Albuquerque, for plaintiff-appellee.

## OPINION

FEDERICI, Justice.

This case arises out of a claim plaintiff-appellee made to his insurance company (defendant-appellant) for damages to appellee's property. Appellant moved for summary judgment which was granted. Appellee moved the court to reconsider its ruling. Upon reconsideration, the court reversed the summary judgment and certified the matter for interlocutory appeal to this Court. We reverse.

The alleged loss to appellee's property occurred on February 13, 1978, and weeks following. On August 17, 1978, appellant rejected appellee's claim. The claim was again rejected on December 26. Appellee brought suit upon the claim on March 9, 1979. Appellant's amended answer alleged the affirmative defense of failure to file suit within one year of the date of loss as required by the insurance contract. The trial judge granted summary judgment upon this defense. Appellee filed a motion to reconsider based upon *Foundation Reserve Ins. Co. v. Esquibel*, 94 N.M. 132, 607 P.2d 1150 (1980), alleging that under that case an insurance company must show both a substantial breach and prejudice to the insurer before a cooperation clause will be enforced. Appellee contended that the reasoning of *Foundation Reserve* should be extended to a time-to-sue clause as well. Since appellant insurance company had not shown any prejudice, it was not entitled to summary judgment. The trial court agreed and reversed its prior summary judgment.

Upon appeal, appellee agrees that the sole issue before this Court is whether appellant is entitled to summary judgment where appellee did not bring suit upon his claim within the period of time required by the contract and appellant did not show prejudice caused thereby.

It is the law in most jurisdictions that have considered the question that an insurance contract provision limiting the time within which a suit may be brought after damage occurs is valid and enforceable if the time period is reasonable. *Brandywine One Hundred Corp. v. Hartford F. Ins. Co.*, 405 F.Supp. 147 (D.Del.1975).

The reasonableness of such a contractual provision is usually determined by "looking at the prescribed time interval to see if it affords the insured an adequate opportunity to investigate his claim so that he can prepare for any controversy which might arise between him and his insurer. (Citation omitted.)" *Donahue v. Hartford Fire Insurance Company*, 110 R.I. 603, 605, 295 A.2d 693, 694 (1972).

Reasons for allowing such provisions to stand include public interest in prompt assertion of legal claims. *Webb v. Kentucky Farm Bur. Ins. Co.*, 577 S.W.2d 17 (Ky.App. 1978), and the possibility of fraudulent claims arising if a long period is allowed between the occurrence and the initiation of a legal claim. *Centennial Insurance Company v. Dowd's, Inc.*, 306 A.2d 648 (D.C. 1973).

In *Brandywine, supra*, the court noted two public policy reasons why time-to-sue provisions should be enforced. First, such a limitation allows an insurer to avoid uncertainty as to the amount of its liability. Certainly, it could be very burdensome for an insurer to be uncertain of its liability for an indefinite period into the future. Second, such a contractual provision allows stale claims to be cut off.

The New Mexico Court of Appeals considered such a clause in *Wiseman v. Arrow Freightways, Inc.*, 89 N.M. 392, 552 P.2d 1240 (Ct.App.1976), *cert. denied*, 90 N.M. 9, 558 P.2d 621 (1976). There, the court upheld a one-year limitation clause, stating that appellant had advanced no public policy reason why the time-to-sue provision should not be enforced.

In *Foundation Reserve, supra*, this Court considered a *cooperation* provision in an insurance contract. There, the insurance pol-

icy provided that the policy would be voided if the insured failed to notify the insurer of an accident, failed to cooperate in defending or settling a claim, or willfully concealed material facts concerning a claim. This Court held that such a cooperation provision could only be enforced upon (1) a showing of lack of coopération in some substantial and material respect, and (2) a showing of substantial prejudice to the insurer as a result of the breach. The reasoning behind the decision was that it spread the risk of liability to provide affected members of the public—frequently innocent third parties—with maximum protection without being unfair to the insurer. A number of courts have adopted this approach in recent years, as cited in *Foundation Reserve, supra.*

The purpose of a cooperation clause in an insurance contract is "to prevent collusion between the insured and the injured, as well as to make possible the insurer's investigation. (Citations omitted.)" *M.F.A. Mut. Ins. Co. v. Cheek,* 66 Ill.2d 492, 496, 363 N.E.2d 809, 811 (1977). Since the reason for such a clause is fear of prejudice to the insurer, it is reasonable to require a showing of prejudice. This is especially true when one considers that actions of this nature taken subsequent to the loss rarely increase the risk to an insurance company. *See Standard Acc. Ins. Co. v. Ponsell's Drug Stores, Inc.,* 57 Del. 485, 490, 202 A.2d 271 (1964), *questioned on other grounds, Cross v. Hair,* 258 A.2d 277 (Del.Super.1969). It has also been pointed out that requiring an insurer to show prejudice is appropriate because today's insurance contract is furnished to an insured on a take-it-or-leave-it basis. *Pickering v. American Employers Insurance Co.,* 109 R.I. 143, 282 A.2d 584 (1971).

However, the policy considerations are different for a time-to-sue provision. As set out above, time-to-sue provisions advance public policy considerations not present in cooperation provisions. Furthermore, the purpose of a time-to-sue provision is not necessarily fear of prejudice to the insured. These distinctions were persuasive to the court in *Brandywine, supra,* where

the court determined that prejudice to the insurer need not be shown for a time-to-sue provision. They are also persuasive to this Court.

Where the insurer raises the affirmative defense of violation of a time-to-sue provision, it need not show that it was prejudiced by violation of the provision. It need only show the breach. The insured may still raise affirmative defenses to this claim, but none have been asserted in the present proceeding before this Court.

The trial court is reversed. This matter is remanded to the trial court for a determination of whether any affirmative defenses have been properly raised which would avoid or toll the time-to-sue provision. If such defenses have been properly raised, the cause is remanded for trial on these issues. If no such affirmative defenses have been raised, the trial court is directed to enter summary judgment for appellant insofar as the complaint on the insurance contract is concerned.

IT IS SO ORDERED.

EASLEY, C. J., and PAYNE, J., concur.