635 P.2d 306

**PEOPLES STATE BANK, a New Mexico banking corporation, Petitioner,**

v.

**OHIO CASUALTY INSURANCE COMPANY, Bob Ferguson, Bob Ferguson, Inc., and L. E. Walls, Respondents.**

No. 13732.

Supreme Court of New Mexico.

Oct. 6, 1981.

Rehearing Denied Oct. 26, 1981.

Siegenthaler & Graham, George A. Graham, Jr., Artesia, Pickard & Singleton, Sarah M. Singleton, Santa Fe, for petitioner.

Farlow, Simone & Roberts, Shaffer, Butt, Thornton & Baehr, Albuquerque, Atwood, Malone, Mann & Cooter, Russell D. Mann, Roswell, for respondents.

## OPINION

SOSA, Senior Justice.

This cause is before us on a writ of certiorari directed to the Court of Appeals of New Mexico, which affirmed a summary judgment by the trial court in favor of defendants, Ohio Casualty Insurance Company (Ohio), Bob Ferguson (Ferguson), Bob Ferguson Inc. (Ferguson Agency) and L. E. Walls (Walls). We reverse and remand.

On June 27, 1978, a heavy rainstorm hit Artesia, New Mexico, which caused damage in excess of $417,000.00 to the building of the Peoples State Bank (Bank). It is alleged that an accumulation of debris blocked the drainage system on the roof causing an overflow of water to leak into the building through air conditioning ducts.

A Special Multi-Peril Policy of Ohio Insurance was sold to the Bank by the Ferguson Agency and was in full force and effect at all times material to this suit. Whether the damage was covered by the policy is disputed.

The day following the storm, the Bank notified the Ferguson Agency of the ongoing damage to its building. An independent adjuster, Walls, was sent out by the agency to investigate the damage, and the Ferguson Agency assured the Bank that the damage was covered by the policy. However, in October, Ohio denied coverage with the exception of damage to drapes. Upon further negotiations, which also involved the Superintendent of Insurance, Ohio made three increasing settlement offers. The final written offer was to expire on July 2, 1979.

The Bank, having been dissatisfied with the offers, instituted this suit on September 19, 1979, approximately fourteen months after the damage had occurred. Ohio answered alleging as one affirmative defense that the suit was barred by the Bank's failure to institute this suit within one year

from the date of loss, as required by the policy. Ohio then moved for a summary judgment on this ground. At the hearing, the Bank alleged that certain conduct of appellees constituted a waiver of the time-to-sue provision. The trial court found that the complaint was filed after the twelve-month period had expired, and that Ohio had not waived the time-to-sue provision and proceeded to grant summary judgment in favor of appellees.

The sole issue on certiorari is whether a genuine issue as to waiver of the time-to-sue provision existed so as to preclude the trial court from granting summary judgment.

■ Summary judgment is an extreme remedy which should yield to a trial on the merits if, after resolving all reasonable doubts in favor of the opponent of the motion, the evidence adduced at the hearing establishes the existence of a genuine issue as to any material fact. *Pharmaseal Laboratories, Inc. v. Goffe*, 90 N.M. 753, 568 P.2d 589 (1977).

■■ Ohio, having filed the motion for summary judgment, had the burden to show the absence of a genuine issue as to the Bank's failure to file their claim within the one-year limitation. *Owens v. Eddie Lu's Fine Apparel*, 95 N.M. 176, 619 P.2d 852 (Ct.App.1980). To make its prima facie showing, Ohio need only have shown that the appellant breached the time-to-sue provision in the policy. *Sanchez v. Kemper*, 96 N.M. 466, 632 P.2d 343 (1981). The burden was then on the Bank to establish that a genuine issue did exist and that appellees were not entitled to a summary judgment as a matter of law. *Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972).

■ To sustain its burden, the Bank introduced exhibits which raised the issue as to whether Ohio had waived the time-to-sue provision. Waiver may be accomplished by slight acts and circumstances, *Schafer v. Buckeye U. Ins. Co.*, 381 N.E.2d 519 (Ind. App.1978), and must be determined by the facts of the case. *See Bell v. Weinacker*, 88 N.M. 557, 543 P.2d 1185 (Ct.App.1975). The

 

acts and conduct generally held to constitute a waiver of a time-to-sue provision are those acts which would lull the insured into reasonably believing that its claim would be settled without suit, *Ciaccio v. North River Insurance Company,* 17 Ill.App.3d 940, 308 N.E.2d 860 (1974), or which would render enforcement of a limitations defense unjust, inequitable or unconscionable. *Lee v. Ohio Cas. Ins. Co.,* 58 Ill.App.3d 1, 15 Ill.Dec. 555, 373 N.E.2d 1027 (1978). Negotiations alone are insufficient to support a finding of waiver if the negotiations are terminated within adequate time for the insured to institute an action on the policy. *Shea North, Inc. v. Ohio Cas. Ins. Co.,* 115 Ariz. 296, 564 P.2d 1263 (Ct.App.1977).

 In the case at bar, the trial court reviewed depositions and exhibits on Ohio's motion for summary judgment. An examination of the record indicates that, although Ohio denied its liability under the policy, Ferguson did assure the Bank that the damage was covered. Ferguson also continued to negotiate a settlement of the claim throughout the twelve-month limitation period. Whether an agent of the insurance company could waive the time-to-sue provision in the policy is disputed; however, his authority to do so should be left for determination by a jury. *Pribble v. Aetna Life Insurance Company,* 84 N.M. 211, 501 P.2d 255 (1972).

Furthermore, Ohio made three different offers of settlement, albeit at the request of the Superintendent of Insurance, each time increasing their offer. The final offer, in writing, was to expire on July 2, 1979, five days after the time-to-sue limitation had expired. In its letter, Ohio specified that its offer was on a disputed loss and that neither party was waiving its rights under the policy. Ohio argues that this was sufficient to establish that no reasonable doubt existed on the question of waiver. We disagree. Waiver may be accomplished either by express language or conduct on the part of the insurance company. *See* Annot., 29 A.L.R.2d 636 (1953). Appellees' conduct could lead a jury to infer that the time-to-sue provision had been waived. When rea-

sonable inferences can also be drawn in favor of the party opposing summary judgment, summary judgment should be denied. *Goodman, supra.*

We hold that the issue of whether Ohio waived its time-to-sue provision in the policy sold to Peoples State Bank is an issue which should be left for determination by a jury. There exists in the record reasonable inferences which may be drawn in favor of either party.

It follows that the decision of the Court of Appeals must be reversed; the summary judgment of the trial court is reversed and this cause is remanded for proceedings consistent with this opinion.

EASLEY, C. J., and PAYNE, FEDERICI and RIORDAN, JJ., concur.