685 P.2d 953

**Jacob YOUNG, Plaintiff-Appellant,**

v.

**SEVEN BAR FLYING SERVICE, INC., and National Union Fire Insurance Company, Defendants-Appellees.**

**No. 15149.**

Supreme Court of New Mexico.

July 5, 1984.

Rehearing Denied Aug. 22, 1984.

Civerolo, Hansen & Wolf, P.A., C. LeRoy Hansen, Albuquerque, for plaintiff-appellant.

Keleher & McLeod, P.A., Robert C. Conklin, Albuquerque, for defendants-appellees.

## OPINION

FEDERICI, Chief Justice.

Appellant Jacob Young (Young) owned a Cessna 206 aircraft which he purchased from, and leased back to, Seven Bar Flying Service (Seven Bar). Seven Bar included the Cessna on its master insurance policy which it purchased from National Union Fire Insurance Company (National Union). Young separately insured the Cessna, as required in the lease agreement, with Puritan Insurance Company (Puritan). On April 2, 1980, while leased to Seven Bar, the aircraft was stolen from its Seven Bar hangar and never recovered. Young received $71,900 from Puritan. He brought this suit on April 13, 1982, against Seven Bar for breach of the lease agreement and negligent failure to provide security for his aircraft; and against National Union, claiming wrongful refusal to pay his claim for theft of the aircraft. The Bernalillo County District Court granted National Union's motion for summary judgment and also granted Seven Bar's motion for partial summary judgment. Young appeals from both of these orders. We affirm.

## I. Grant of Partial Summary Judgment to Seven Bar

Young, in his first amended complaint, alleged that Seven Bar breached the lease agreement by: (1) failing to return the aircraft at the expiration of the lease contract; (2) failing to provide adequate security for the aircraft; (3) failing to provide proper insurance as required by the lease; and (4) failing to indemnify Young for his loss as required by the lease. The trial court, in granting Seven Bar partial summary judgment, found that Young's claims against Seven Bar were barred to the extent of his $71,900 recovery from Puritan.

Young contends that the trial court erroneously construed the lease agreement, and that the court's construction of the agreement presupposes an ambiguity which creates a genuine issue of material fact. We disagree.

■ Summary judgment is a remedy which should be used with caution. *Cebolleta Land Grant ex rel. Board of Trustees v. Romero*, 98 N.M. 1, 644 P.2d 515 (1982). When considering a motion for summary judgment, the trial court must give the party opposing the motion the benefit of all reasonable doubts in determining whether a genuine issue exists. *Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972). However, only genuine issues of material fact preclude summary judgment. *Id.*; NMSA 1978, Civ.P.R. 56(c) (Repl.Pamp.1980). Disputed facts as to immaterial issues do not require reversal of a summary judgment. *Oschwald v. Christie*, 95 N.M. 251, 620 P.2d 1276 (1980).

■ On appeal, no issues were raised as to the validity of the lease agreement in this case, or as to the general question of the enforceability of exculpatory clauses in bailment contracts. *See Omni Aviation Managers, Inc. v. Buckley*, 97 N.M. 477, 641 P.2d 508 (1982). Young relies entirely on the trial court's construction of the lease agreement in contending that material factual issues exist which preclude summary judgment. The question of whether a contract is ambiguous, so as to call for extrinsic evidence, is a matter of law for the court to decide. *Young v. Thomas*, 93 N.M. 677, 604 P.2d 370 (1979). The trial court's partial summary judgment to Seven Bar based on the court's construction of the lease makes it apparent that the court found the lease to be unambiguous. We agree, and hold that Young's contentions are insufficient to support a reversal of the summary judgment. *See Spears v. Canon de Carnue Land Grant*, 80 N.M. 766, 461 P.2d 415 (1969); *Harris v. Four Hills Development Corp.*, 79 N.M. 370, 443 P.2d 863 (1968).

■ The lease in this case contained provisions requiring both parties to insure the aircraft. The lease described the type and deductible amount of the insurance to be purchased, and further stated: "Any liability from any occurrance [sic] or property damage to said aircraft which occurs while in the operation *or possession* of Lessee, *which shall not be covered by insurance,* shall be paid for by Lessee." (Emphasis added.)

The record in this case supports the trial court's construction of the contract and the court's entry of summary judgment in favor of Seven Bar. Young's contention of the existence of a material issue of fact does not make it so. *See Wisehart v. Mountain States Telephone and Telegraph Co.*, 80 N.M. 251, 453 P.2d 771 (Ct. App.), *cert. denied,* 80 N.M. 234, 453 P.2d 597 (1969).

The trial court did not err in entering summary judgment in favor of Seven Bar.

## II. Grant of Summary Judgment to National Union

■ Young contends that the trial court erred in granting National Union summary judgment on the basis of the twelve-month time to sue provision in Seven Bar's master policy. In New Mexico, provisions in insurance policies which limit the period within which suit may be brought after damage occurs are valid and enforceable if the time period is reasonable. *Sanchez v. Kemper Insurance Co.*, 96 N.M. 466, 632 P.2d 343 (1981); *see Wiseman v. Arrow Freightways, Inc.*, 89 N.M. 392, 552 P.2d 1240 (Ct.App.), *cert. denied,* 90 N.M. 9, 558 P.2d 621 (1976). Young maintains that, although the provision is valid, questions of fact exist as to whether National Union waived the limitation and is estopped from asserting the limitation since Young was never provided with a copy of the policy.

■ Waiver is an intentional relinquishment or abandonment of a known right. *Cooper v. Albuquerque City Commission*, 85 N.M. 786, 518 P.2d 275 (1974). Estoppel arises when an individual has been induced by the conduct of another to

do, or forebear from doing, something he would or would not have done but for such conduct. *Tome Land & Improvement Co. v. Silva,* 83 N.M. 549, 494 P.2d 962 (1972). In order to establish that an insurer has waived notice of loss requirements, and is thereby estopped from asserting them, it must be shown that the insured was misled by conduct of the insurer, upon which the insured relied to his detriment. *Gillum v. Southland Life Insurance Co.,* 70 N.M. 293, 373 P.2d 536 (1961).

■ National Union's failure to provide Young, as loss payee, with a copy of the insurance policy is insufficient, absent more, to constitute a waiver of the time-to-sue provision or to estop National Union from asserting the provision. In New Mexico, if an insured is supplied with a copy of his policy or a memorandum of insurance, then he may rely on the document so supplied to inform him of all his rights and duties under the insurance contract. *Homestead Investments, Inc. v. Foundation Reserve Insurance Co.,* 83 N.M. 242, 490 P.2d 959 (1971). If an insurer gives the impression that all of the material provisions of an insurance contract are contained in a document furnished to the insured by the insurer, then the insurer cannot invoke provisions in the original which were not included in the copy given to the insured. *Elliano v. Assurance Co. of America,* 3 Cal.App.3d 446, 83 Cal.Rptr. 509 (1970). However, failure of an insurer to provide an individual with a copy of an applicable insurance policy will not, in every case, release the individual from the time-to-sue provisions in the policy. *See Zengerle v. Commonwealth Insurance Co.,* 63 N.M. 454, 321 P.2d 636 (1958).

■ In this case, Young was provided a one-page document entitled "Certificate of Insurance," which did not purport to contain an exclusive description of Young's rights and duties under the insurance contract. In fact, the document indicates that its purpose was to inform Young that Seven Bar had obtained insurance coverage on the Cessna. The document also contains the following language: "For particulars concerning the limitations, conditions and terms of the coverage you are referred to the original Policy or Policies in the possession of the Assured." We hold that, given the facts presented in the record, National Union's failure to provide Young with a copy of the insurance policy did not result in a waiver by National Union of the time-to-sue limitation in the policy as it applied to Young, nor did it estop National Union from asserting the limitation against Young.

■ Young also alleges that a question of fact exists as to whether the time-to-sue limitation applies to him as loss payee. A person designated as a loss payee is a mere appointee of the insured, and as such is to receive the insurance proceeds to the extent of his interest. J. and J. Appleman, *Insurance Law and Practice* § 3335 (1970). As an appointee, the rights of a loss payee rise no higher than the rights of the insured. *See Tri-State Ins. Co. v. Ford,* 120 F.Supp. 118 (D.N.M.1954).

■ The Oregon Supreme Court, in *Transportation Equipment Rentals, Inc. v. Oregon Automobile Insurance Co.,* 257 Or. 288, 478 P.2d 620 (1970), dealt with a case involving facts remarkably similar to those in the case at bar. In that case, the plaintiff was the owner of a log loader which it leased to a logging company. The logging company insured the loader, listing the plaintiff on the insurance policy as a "loss payee" instead of an "additional insured." The loader was destroyed and plaintiff collected from its own insurance carrier. Plaintiff then sought to recover as loss payee on the defendant's insurance policy. The Oregon court, recognizing that a loss payee is not a party to the insurance contract and therefore cannot recover on his own right, held that the trial court should have held for the defendant as a matter of law. *Id.* at 302, 478 P.2d at 627. We agree with the Oregon Supreme Court's holding on this issue. As this Court has said:

[U]nder a loss-payable clause no contract of insurance is made between the

insurer and the loss-payee and the right of recovery of the loss-payee cannot rise above that of the named insured, so that a breach of the conditions of the policy by the insured which precludes his recovery likewise defeats the recovery of his appointee, the loss-payee.

*Fulwiler v. Traders & General Insurance Co.*, 59 N.M. 366, 371, 285 P.2d 140, 143 (1955). The trial court did not err in granting National Union's motion for summary judgment.

The order of the trial court granting National Union summary judgment and Seven Bar partial summary judgment is affirmed.

IT IS SO ORDERED.

STOWERS and WALTERS, JJ., concur.