746 P.2d 152

**Jerry GREEN, Plaintiff–Appellee,**

v.

**GENERAL ACCIDENT INSURANCE
COMPANY OF AMERICA,
Defendant–Appellant.**

**No. 16886.**

Supreme Court of New Mexico.

Nov. 24, 1987.

Weinbrenner, Richards, Paulowsky & Sandenaw, David McNeill, Jr., Las Cruces, for defendant-appellant.

Pickett & Holmes, Lawrence M. Pickett, Las Cruces, for plaintiff-appellee.

## OPINION

RANSOM, Justice.

This is a suit by Jerry Green to recover benefits under a homeowner's policy insuring against theft of property in his home. Judgment for Green was entered against his insurer, General Accident Insurance Company of America (General Accident).

Green's home was burglarized on two occasions, January 25 and September 17, 1982. In the first burglary Green suffered a loss of $26,750, for which sum judgment was entered. In the second burglary, the stolen property included four silver and turquoise belt buckles valued at $2,525. Judgment was entered for $958.25 on the court's finding that the silver and turquoise buckles were non-scheduled jewelry insured for a maximum of $500 for loss by theft. The sum of $458.25 for additional loss was not in dispute.

The insurance policy required that the insured promptly notify the insurer of a loss and furnish a sworn proof of loss to the insurer within sixty days after the loss occurred. The policy barred suit for recovery unless all requirements of the policy were complied with and suit brought within twelve months after any loss. Further, the policy made invalid any waiver of provisions unless in writing. No written waiver of any policy provision was granted to Green.

General Accident contests the court's conclusion that General Accident, by its own acts, waived any notice, proof of loss, contractual time limitations, or written waiver defenses, and that it is estopped from denying the benefits sought. It argues that none of the court's findings reflect any action by General Accident which reasonably could be regarded as waiving any of its contractual rights.

The twelve months time-to-sue provision is dispositive of the September 17 loss, but not of the January 25 loss. Consequently, we limit to the January 25 loss our discussion of notice, proof of loss and written waiver considerations.

With respect to both notice of loss and proof of loss, the court appears to have found and concluded that Green had substantially complied with those requirements. This, together with the conclusion

of waiver, is dispositive of notice and proof of loss issues. In *Robinson v. Palatine Ins. Co.*, 11 N.M. 162, 66 P. 535 (1901), the Court ruled that substantial compliance with the terms of an insurance policy as to notice and proof of loss is all that is required. When notice and proof of loss are given, even if they are not sworn to, and an adjuster is sent to investigate the loss, unless a verification or further information is demanded, the objection that notice and proof of loss are not verified is waived. *Id.* at 176, 66 P. at 537.

Immediately after the theft on January 25, Green notified the insurance agent, Isidro Gonzales, by personally telling him of the incident and by setting out the loss by way of a letter. Enclosed with this letter of March 15, 1982, were the sheriff's report, the appraisal of jewelry referenced in the report, and a list of additional items that were taken. The list included the fair market value of each item as determined by Green. Gonzales testified that he was completely satisfied that Green had complied with customary practice for reporting information about a theft.

■ Green sent Gonzales the letter of March 15 within the sixty days required by the insurance contract for submitting *sworn* proofs of loss. In May, Green also gave a statement to John Gohrick, an independent adjuster representing General Accident, but Gohrick never presented the statement for Green's signature. Finally, in October, Green submitted to General Accident a notarized document labeled "sworn statement in proof of loss" which had been provided by Gohrick in September. General Accident responded by informing Green that this "purported" proof of loss was unacceptable but would be retained pending further investigation. During the initial months of the investigation Green was never told that his proof of loss needed verification. Moreover, General Accident's representatives' failure to furnish Green with a formal proof of loss form until eight months after being notified of the loss was inconsistent with an intention to demand exact compliance. *See Western*

*Farm Bureau Mut. Ins. Co. v. Lee,* 63 N.M. 59, 62, 312 P.2d 1068, 1070 (1957).

■ The principal contention on appeal is that the court made no finding of fact from which it could conclude that General Accident, by its own acts, waived or was estopped from asserting any defense of contractual time limitations. This Court has upheld insurance contract time-to-sue provisions in general, and has considered no case in which a specific public policy reason has been advanced for not enforcing such a provision. *Sanchez v. Kemper Ins. Cos.,* 96 N.M. 466, 632 P.2d 343 (1981); *Wiseman v. Arrow Freightways, Inc.,* 89 N.M. 392, 552 P.2d 1240 (Ct.App.) *cert. denied,* 90 N.M. 9, 558 P.2d 621 (1976); and *see Diebold Contract Servs., Inc. v. Morgan Drive Away, Inc.,* 95 N.M. 9, 617 P.2d 1330 (Ct.App.1980). Where the insurer raises the affirmative defense of violation of a time-to-sue provision, it need not show that it was prejudiced by violation of the provision. It need only show the breach. *Sanchez,* 96 N.M. at 468, 632 P.2d at 345. However, the insurer may be estopped from raising the affirmative defense of a time-to-sue provision. *Peoples State Bank v. Ohio Casualty Ins. Co.,* 96 N.M. 751, 635 P.2d 306 (1981).

■ "Estoppel arises when an individual has been induced by the conduct of another to do, or forebear from doing, something he would or would not have done but for such conduct." *Young v. Seven Bar Flying Serv., Inc.,* 101 N.M. 545, 547–48, 685 P.2d 953, 955–56 (1984). "The acts and conduct generally held to constitute a waiver of a time-to-sue provision are those acts which would lull the insured into reasonably believing that its claim would be settled without suit. * * * " *Peoples State Bank,* 96 N.M. at 752–53, 635 P.2d at 307–08. (Citations omitted.)

There is substantial evidence to support a finding that General Accident's conduct did lull Green into reasonably believing that his claim for the loss sustained on January 25 would be settled without suit. None of General Accident's communications with the Greens over the course of the year intimated that the claim would not

be settled amicably. In a letter dated November 23, 1982, General Accident told Green "we are sorry that this claim is taking so long" and "we are unable to pay the claim *until* all the facts surrounding the claim are clarified." This last remark was in reference to General Accident's need to obtain a sworn statement from Carolyn Green months after initiating its investigation. General Accident did obtain Mrs. Green's sworn statement on March 17, 1983, almost two month's after the anniversary of the inception of the loss.

In *Peoples State Bank*, the Court said that "[w]aiver [of a time-to-sue provision] may be accomplished by slight acts and circumstances, and must be determined by the facts of the case." 96 N.M. at 752, 635 P.2d at 307. (Citations omitted.) An insurer should not be allowed to induce an insured's participation in an investigation past the twelve month time-to-sue provision and then rely on that contractual provision to bar claimant's recovery. This is especially true where, as here, the insurer does not give any indication that it will deny liability but instead tells the insured only weeks prior to the time bar's applicability that "if you will cooperate with us in investigating the facts surrounding the claim, this matter should be ready for resolution."

A suit, pending negotiations to supply further evidence as requested, would have been inconsistent with the acts of the parties and their apparent intention. If General Accident did not have it in mind, before expiration of twelve months, to waive policy restrictions and negotiate further, it is difficult to understand the effect of Carolyn Green's sworn statement. *Cf. Miller v. Phoenix Assurance Co.*, 52 N.M. 68, 191 P.2d 993 (1948); see also *Anderson v. State Farm Fire & Casualty Co.*, 583 P.2d 101 (Utah 1978).

In either April or May of 1982, Green signed a non-waiver agreement in which he agreed that actions by General Accident and its representatives to investigate, settle, deny or defend any claims arising out of the January 25 loss would not waive any rights of Green or General Accident under the insurance contract. However, the evidence in support of a waiver of the stipulations for notice, proof of loss and time to sue also supports a finding that General Accident could not rely on the non-waiver agreement it executed with Green. "A non-waiver agreement itself may be waived by conduct, the same as stipulations in the policies." *Miller*, 52 N.M. at 73, 191 P.2d at 996.

By its acts and conduct, General Accident could be found to have waived the provisions urged as their affirmative defenses against the January 25 loss. Specifically, the twelve months time-to-sue provision having been waived, it would have been unnecessary that suit be instituted within twelve months next after the loss, or at any other time except within the statute of limitations. *Id.*

As for the September 17 loss, General Accident contests the court's failure to find that General Accident took no action that could reasonably have led Green to believe that General Accident was investigating or negotiating with Green concerning that loss. We agree that the evidence does not support a finding or conclusion that General Accident should be estopped from relying on the twelve month time-to-sue provision to bar Green's suit for recovery.

Unlike the January claim, Green was put on notice within ninety days that General Accident was prepared to offer $958.25 to settle Green's alleged loss of $3,064.11. Green did not submit a counter-offer. Instead, Green informed General Accident that he was "prepared to seek legal action to bring about a satisfactory settlement." General Accident responded that $958.25 was the entire sum to which Green was entitled. Nothing thereafter on the part of General Accident could have induced Green to reasonably believe that the September 17 loss was going to be settled to his satisfaction without suit. Because Green did not bring suit for satisfaction of the September 17 loss until April of 1984, he was barred from recovery under the provisions of the insurance contract.

Finally, General Accident has complained of the denial of its motion for

summary judgment, arguing that there was no genuine issue of material fact in light of the failure of Green to have made any timely denial of General Accident's request for admission in advance of the hearing on the motion for summary judgment. Requests for admissions, SCRA 1986, 1–036, are an important aid to the resolution of litigation, and are not to be treated lightly. Here, Green's failure to timely respond to General Accident's request for admission conclusively established Green's non-compliance with the contract provisions. Summary judgment, however, should be granted as a matter of law when the pleadings, depositions and admissions on file, *together with the affidavits*, demonstrate that there is no genuine issue as to any material fact. SCRA 1986, 1–056. In his affidavit, Green raised the issue of whether General Accident waived or was estopped to rely on Green's non-compliance with the contract provisions as an affirmative defense. A party opposing a summary judgment motion is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists. If there are such reasonable doubts, summary judgment should be denied. *Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972).

■ However, we do not need to reach a decision on whether the denial of summary judgment was proper in this case. We hold that a denial of a motion for summary judgment is not reviewable after final judgment on the merits. If a summary judgment motion is improperly denied, the error is not reversible for the result becomes merged in the subsequent trial. *Home Indem. Co. v. Reynolds & Co.*, 38 Ill.App.2d 358, 187 N.E.2d 274 (1962).

The Illinois court conceded that to deny a review of a motion for summary judgment, which arguably should have been granted, may be unjust to the movant because the denial could not be immediately appealed. The court, however, reasoned further that to grant a review after final judgment would be a greater injustice to the respondent who won judgment after the evidence was more completely presented, where cross-examination played its part and where witnesses were seen and appraised.

■ Although the record supports with substantial evidence the trial court's conclusion that General Accident waived or was estopped to claim the one year limitation on filing suit on the January 25 loss, the court's findings of fact do not support the conclusion. By selectively refusing and adopting by number reference both the plaintiff's and the defendant's requested findings of fact, without actually drafting its own, the trial court failed to make findings sufficient for this Court to review. "[W]hen findings wholly fail to resolve in any meaningful way the basic issues of fact in dispute, they become clearly insufficient to permit the reviewing court to decide the case at all * * *." *Mora v. Martinez*, 80 N.M. 88, 90, 451 P.2d 992, 994 (1969) (*quoting Featherstone v. Barash*, 345 F.2d 246, 250 (10th Cir.1965)).

Where the ends of justice require, this Court may remand a case to district court for the making of proper findings of fact. SCRA 1986, 1–052(B)(1)(g); *see also State ex rel. Human Serv. Dept. v. Coleman*, 104 N.M. 500, 723 P.2d 971 (Ct.App.1986). At issue is whether General Accident was estopped to deny liability coverage for a $26,750.00 loss sustained by Green when his home was burglarized. The ultimate fact necessary for the conclusion of estoppel is that Green rightfully relied upon the ongoing investigation as a waiver of the twelve months time-to-sue provision. The evidence would support a finding either way. The trial court must decide that ultimate factual issue. In making its findings of fact the trial court must consider the case law, e.g., *Young, Peoples State Bank*, and *Miller*, together with the relevant events and their chronology.

Therefore, the case is remanded to the trial court for further findings of fact and conclusions of law relative to the judgment on the January 25 loss, and for an amended judgment on the January 25 loss which shall be deemed the final judgment pursuant to SCRA 1986, 1–054, all consistent

with this opinion. The judgment on the September 17 loss is reversed.

IT IS SO ORDERED.

SOSA, Senior Justice, and WALTERS, J., concur.

SCARBOROUGH, C.J. (dissents with opinion).

STOWERS, J. (concurs with dissent of SCARBOROUGH, C.J.)

SCARBOROUGH, Chief Justice, dissenting.

I dissent.

Green brought suit against General Accident, his insurer, on a home owners policy which provided coverage against theft. The policy contained proof of loss and time to sue provisions, neither of which were complied with by Green. General Accident requested admissions from Green to the effect that Green had failed to comply with these two provisions. Green's response to the request for admissions was 168 days late. Green sought no extension of time within which to respond to the request for admissions. General Accident moved for summary judgment which the trial court denied. At trial, the trial court found that Green did not comply with the time to sue provision, but concluded that General Accident had waived this provision along with the provision governing proof of loss. The trial court then entered judgment for Green. I would reverse and remand for entry of summary judgment in favor of General Accident.

We have consistently held that the policy provisions we are dealing with are valid and enforceable. *See Aetna Life Ins. Co. v. Nix,* 85 N.M. 415, 512 P.2d 1251 (1973). By not responding or obtaining an extension of time within which to respond to the request for admissions, Green admitted each matter for which admissions were sought. *See* SCRA 1986, 1–036 (Cum.Supp. 1987).

Green's failure to timely respond to the request for admissions entitles General Accident to summary judgment as a matter of law. *See* SCRA 1986, 1–056 (Cum.Supp. 1987). The majority's reliance on *Home Indemnity Co. v. Reynolds & Co.,* 38 Ill. App.2d 358, 187 N.E.2d 274 (1962) is misplaced. *Home Indemnity* deals with the legal fiction of merger rather than the procedural consequences of noncompliance with Rule 36(a).

The majority's reasoning defeats the policy provisions concerning proof of loss and time to sue, and entices noncompliance with SCRA 1986, 1–036 by allowing a party refusing to provide necessary information to benefit by his inaction.

This case should be remanded to the trial court for entry of summary judgment in favor of General Accident.