This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39406**

**TAMMY WILLEY,**

Plaintiff-Appellant,

v.

**FARMERS INSURANCE OF ARIZONA,**

Defendant-Appellee,

and

**DONDEE BARRICK and DARIC GARBUTT,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Court Judge**

Houston Ross
Albuquerque, NM

for Appellant

Riley, Shane & Keller, P.A.
Courtenay L. Keller
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**BACA, Judge.**

**{1}**     Plaintiff Tammy Willey appeals six summary judgment orders entered before a jury returned a verdict in favor of Defendant Farmers Insurance of Arizona (Defendant).

On appeal, Plaintiff contends that Defendant failed to comply with the requirements of Rule 1-056(D)(2), (E) NMRA, failed to set forth specific material facts showing there were genuine issues that required a trial, and that the district court erred in granting Defendant's motions for summary judgment on issues not raised in the pleadings. Unpersuaded, we affirm the district court.

**BACKGROUND**

**{2}** Because this is a memorandum opinion, we only briefly summarize the historical facts and procedural history of this case. *See State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361 ("[M]emorandum opinions are not meant to be cited as controlling authority because such opinions are written solely for the benefit of the parties," and "[s]ince the parties know the details of the case, such an opinion does not describe at length the context of the issue decided."). We reserve discussion of specific facts where necessary to our analysis.

**{3}** Plaintiff filed a complaint against Defendant alleging that Defendant engaged in statutory and common law bad faith stemming from Defendant's alleged investigation, evaluation, and settlement of Plaintiff's claim for underinsured motorist benefits (UIM). Relevant to this appeal, Plaintiff filed four motions for partial summary judgment. Defendant also filed two motions for partial summary judgment concerning coverage and recoverability of bad faith damages. All four of Plaintiff's motions were denied by the district court, which found genuine issues of material fact existed and summary judgment could not be entered as a matter of law. Both of Defendant's motions were granted by the district court.

**{4}** After a five-day jury trial, judgment was entered in favor of Defendant. The jury found specifically the following: (1) Defendant did not fail to act reasonably under the circumstances to conduct a timely and fair investigation and evaluation of Plaintiff's UIM claim; (2) Defendant did not refuse to pay Plaintiff's UIM claim for reasons that were frivolous or unfounded; (3) Defendant did not fail to attempt in good faith to effectuate prompt, fair, and equitable settlement of Plaintiff's UIM claim when liability had become reasonably clear; (4) Defendant did not compel Plaintiff to institute litigation to recover amounts due under the policies by offering substantially less than the amounts ultimately recovered in the litigation when Plaintiff made a claim for amounts reasonably similar to the amount ultimately recovered; and (5) Defendant did not fail to promptly provide Plaintiff a reasonable explanation of the basis relied on in the policy in relation to the facts or law for the offer of a compromise settlement.

**{5}** On appeal, Plaintiff asks us to revisit the district court's rulings on her summary judgment motions as well as the district court's rulings on two of Defendant's motions for summary judgment after there has been a jury verdict. Each of Plaintiff's motions concerns various aspects of Defendant's claims handling. To illustrate, Plaintiff's first motion seeks judgment as a matter of law that coverage was never "fairly debatable" and that the three-month delay in identifying coverage was caused by Defendant's bad faith failure to conduct a timely, reasonable and fair investigation of coverage. Plaintiff's

second motion seeks judgment as a matter of law that Defendant's claims adjuster did not conduct a reasonable, fair, and timely evaluation of punitive damages when she made a "math error" and that the adjuster failed to follow Defendant's policies in evaluating damages and that said violations were the sole cause of delay in evaluation. Plaintiff's third motion seeks judgment as a matter of law that Defendant's conduct was frivolous and unfounded and violated the unfair claims practices act. Plaintiff's fourth motion seeks judgment as a matter of law that Defendant never demanded statements under oath and that in leveraging the resolution of the Sanchez policy to give statements under oath in the Simmons policy Defendant committed bad faith. Plaintiff argues that all four of her motions for partial summary judgment are reviewable according to *Gallegos v. State Board of Education*, 1997-NMCA-040, 123 N.M. 362, 940 P.2d 468. Plaintiff is also seeking de novo review of both of Defendant's motions for partial summary judgment.

## DISCUSSION

### A.    Plaintiff's Motions for Partial Summary Judgment

{6}    As a general rule, the "denial of a motion for summary judgment is not reviewable after final judgment on the merits. If a summary judgment motion is improperly denied, the error is not reversible for the result becomes merged in the subsequent trial." *Green v. Gen. Accident Ins. Co. of Am.*, 1987-NMSC-111, ¶ 19, 106 N.M. 523, 746 P.2d 152. "Whether this proposition is labeled 'merger,' or is simply accepted as a common sense recognition that decisions made after full airing of the evidence should not be disturbed, is of little analytic consequence." *Gallegos,* 1997-NMCA-040, ¶ 8. "It would be unfair to review a denial of a motion for summary judgment based on the factual presentation made to the trial court at the time of the motion, when all the facts have subsequently come forward at trial." *Id.* However, where a motion for summary judgment is based solely on a purely legal issue, the policy rationale and rule articulated in *Green* are inapplicable and the issue is reviewable on appeal provided "(1) the facts are not in dispute, (2) the only basis of the ruling is a matter of law which does not depend to any degree on facts to be addressed at trial, (3) there is a denial of the motion, and (4) there is an entry of a final judgment with an appeal therefrom." *Gallegos*, 1997-NMCA-040, ¶¶ 10-12. "[A]ll doubts about whether a motion was dependent on or affected by facts addressed at trial would be resolved against the appealing party." *Id.* ¶ 12.

{7}    Plaintiff appears to argue that her four motions for partial summary judgment are reviewable under the *Gallegos* exception. We observe that although Plaintiff's briefing recognized that she must satisfy the *Gallegos* test as a threshold matter, it did so in a cursory and conclusory manner consisting of only two paragraphs.

{8}    While the third and fourth prongs are presumably not at issue, Plaintiff has not demonstrated that the first and second prongs are satisfied. Regarding the first prong of the *Gallegos* test, Plaintiff acknowledges that the district court concluded that disputed issues of material fact exist that precluded summary judgment on each of her four motions. On appeal, she attempts to counter that conclusion by framing her dispute as a

procedural challenge to whether Defendant's statement of undisputed facts complied with Rule 1-056. Apart from this conclusory assertion, Plaintiff has not demonstrated that the facts surrounding her motions are not in dispute, and she does not point us to any part of the record which supports this statement.

{9}     Regarding the second prong of the *Gallegos* test, Plaintiff again frames the matter as a procedural issue, stating that "whether the two pleadings comply with Rule 1-056 is a matter of law which is not depend[ent] on the facts to be addressed at trial." Here, too, Plaintiff does not explain how the basis of Plaintiff's four motions are purely matters of law that do not depend on the facts to be addressed at trial, particularly given the specific findings of the jury, which directly relate to the contentions within the motions for partial summary judgment.

{10}    Apart from these conclusory statements that the *Gallegos* test has been met, we are left to guess as to what Plaintiff's arguments in support of these statements would be. Because Plaintiff fails to develop her arguments as to how the first and second prongs of the *Gallegos* test are met we will not consider them further. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted)); *see also Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."). We affirm the district court's orders as to Plaintiff's first, second, third, and fourth motions for partial summary judgment.

**B.      Defendant's Motions Concerning Coverage Under the Simmons Policy and Recoverable 'Bad Faith Damages' Stemming From the 2012 Collision**

{11}    We now turn to Defendant's motions for partial summary judgment. "Summary judgment is reviewed on appeal de novo." *Nationstar Mortg. LLC v. Tapia*, 2023-NMCA-051, ¶ 7, 534 P.3d 264 (internal quotation marks and citation omitted). "We review the evidence in the light most favorable to the party opposing summary judgment." *Id.* (internal quotation marks and citation omitted). "In New Mexico, summary judgment may be proper when the moving party has met its initial burden of establishing a prima facie case for summary judgment." *Id.* (internal quotation marks and citation omitted). "Once this prima facie showing has been made, the burden shifts to the nonmovant to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Id.* (internal quotation marks and citation omitted). "[O]ur review of the application of the law to the facts is conducted de novo." *Elite Well Serv., LLC v. N.M. Tax'n & Revenue Dep't*, 2023-NMCA-041, ¶ 6, 531 P.3d 635 (internal quotation marks and citation omitted).

{12}    We first address Defendant's motion for partial summary judgment concerning coverage under the Simmons Policy. On appeal, Plaintiff argues that the district court should not have considered, much less granted, Defendant's motion because the coverage issue was a matter that was outside of the pleadings. Plaintiff asserts that she brought no cause of action relating to coverage under the Simmons policy, and

Defendant raised no affirmative defenses related to this policy. Plaintiff further argues for the first time in her reply brief that the motion was wrongly decided. Defendant contends, on appeal, that it was not barred from seeking summary judgment, even though it did not raise an affirmative defense, because Plaintiff put the coverage at issue by alleging the availability of coverage in her bad faith complaint. We agree with Defendant. Plaintiff's bad faith claims include the time period when her claim was adjusted by Dondee Barrick under the Simmons policy and the complaint alleges violations of NMSA 1978, Section 59A-16-20 (1997), relating to Defendant's evaluations and investigation of the claims under the Simmons policy. We conclude that the district court did not err in considering the motion and we now look to its merits.

{13}    The district court granted Defendant's motion, concluding that at all relevant times there was no UIM coverage under the Simmons policy. Defendant argued in its motion that there was no UIM coverage available to Plaintiff under the Simmons policy and that Plaintiff never had a reasonable expectation of coverage. Defendant presented evidence that Plaintiff was not residing in the Simmons' household, was not a named insured, and was not driving a vehicle listed on the Simmons policy at the time of the accident. Plaintiff was previously a rated driver of the Ford Escape that was listed on the Simmons policy but that vehicle was removed from the policy and traded-in prior to the collision, and neither Plaintiff nor Mr. Simmons had an expectation that Plaintiff was covered under the Simmons policy for the collision. In response to Defendant's motion, Plaintiff did not dispute the evidence; rather, Plaintiff moved to strike the motion, making the same argument that she now makes on appeal. A hearing was held whereby Plaintiff conceded that there is no coverage under the Simmons policy. Accordingly, because there is no dispute that Plaintiff is not entitled to UIM benefits under the Simmons policy for the collision and Plaintiff did not demonstrate a dispute of material fact, the district court order granting Defendant's motion is affirmed.

{14}    We turn next to Defendant's motion for partial summary judgment that damages caused by the 2012 auto accident are not recoverable "bad faith damages." On appeal, Plaintiff argues that the district court erred in determining that Plaintiff could not recover the excess $50,000 arbitration award. Plaintiff maintains that she is entitled to recover these damages under NMSA 1978, Section 59A-16-30 (1990) and in accordance with *Dydek v. Dydek*, 2012-NMCA-088, 288 P.3d 872. Defendant argued in its motion for partial summary judgment that the damages caused by the 2012 auto collision are not recoverable as bad faith damages because, as a matter of law, those damages were not "proximately caused by" the allegedly wrongful conduct of the insurance company. The district court granted Defendant's motion, concluding that (1) Defendant is not contractually obligated to pay Plaintiff any further damages caused by the auto accident and (2) the unpaid portion of the award is not recoverable as bad faith damages as those damages were not "proximately caused by" Defendant's allegedly wrongful conduct. The court further concluded that Plaintiff's reliance on *Dydek* was misplaced because *Dydek* is a "failure to settle" case that involved the recovery of an excess judgment entered in favor of a third party against the insured, whereas Plaintiff's case is a "failure to pay" case involving a first party claim by a Class II insured for UIM benefits

and the arbitration award awarded bodily injury damages in excess of the available UIM benefits.

**{15}** The evidence presented by Defendant indicates that Plaintiff received a total of $100,000 in compensation for bodily injury damages arising from the 2012 auto collision. On February 11, 2014, an arbitration panel awarded Plaintiff a sum of $150,000 in compensatory and punitive damages arising from the underlying auto collision and no determination was made as to bad faith damages or policy limits. On March 6, 2014, Defendant issued a check to Plaintiff in the amount of $50,000, which was the remaining UIM policy limits after the offset by the tortfeasor's policy limits tender of $50,000. In her response to Defendant' motion, Plaintiff does not challenge Defendant's material facts, rather Plaintiff asserts that, as a matter of law, the unpaid $50,000 is akin to indemnification damages codified in UJI 13-1715 NMRA and are the same type of damages the *Dydek* Court ruled were actual damages under Section 59A-16-30 for violations of Section 59A-16-20.

**{16}** We agree with the district court's assessment that *Dydek* is both factually distinguishable and inapplicable to the present case. We do not read *Dydek* to hold, much less suggest, that a damages determination in excess of UIM coverage limits is equivalent to an excess judgment rendered against the insured. Plaintiff, for her part, has not offered any analysis of the matter and makes only a conclusory statement that she was seeking to recover her actual damages in excess of her policy limits as part of her statutory claim under Section 59A-16-20. We conclude that Plaintiff failed to carry her burden to demonstrate that the district court erred in granting Defendant's motion for summary judgment. *See Corona*, 2014-NMCA-071, ¶ 26 ("The appellate court presumes that the district court is correct, and the burden is on the appellant to clearly demonstrate that the district court erred.").

**CONCLUSION**

**{17}** For these reasons, the district court's orders as to all six motions for partial summary judgment are affirmed.

**{18}    IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**