See also 126 F.R.D. 76.

Dannie L. HARVEY, Plaintiff,

v.

ALLSTATE INSURANCE COMPANY, Defendant.

No. 85–4309–R.

United States District Court, D. Kansas.

July 11, 1991.

J. Douglas Miller, Liberal, Kan., Mark A. Buchanan, Dennis E. Egan, Popham Law Firm, Kansas City, Mo., for Dannie L. Harvey.

Paul P. Hasty, Jr., Barry E. Warren, Wallace, Saunders, Austin, Brown & Enochs, Overland Park, Kan., for Allstate Ins. Co.

Corlin J. Pratt, Grace, Unruh & Pratt, M. Kathryn Webb, Alan L. Rupe Law Office, Wichita, Kan., for O.R. Whitaker.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This case began as a declaratory judgment action filed by Allstate Insurance Company. Allstate sought a declaration regarding its duties of coverage and defense in a sex discrimination case filed by Dannie L. Harvey. Allstate had issued policies to Harvey and to the defendants sued by Harvey. One of the defendants (O.R. Whitaker) filed a counterclaim against Harvey, and Harvey asked Allstate to defend the counterclaim. Harvey filed a counterclaim in this case, in response to the declaratory judgment action, seeking compensation for attorney's fees related to the sex discrimination action. Harvey also sought fees in connection with defending the declaratory judgment action. After the sex discrimination case settled, the declaratory judgment was dismissed. The parties have been realigned. Dannie L. Harvey is the plaintiff and Allstate Insurance Company is the defendant.

This case now centers upon plaintiff's claim for the recovery of certain litigation expenses. Plaintiff seeks attorney's fees related to the sex discrimination case she filed in 1984, especially fees connected to a counterclaim she defended in that case.

Defendant Allstate has directed a summary judgment motion against this claim. Plaintiff also seeks attorney's fees related to the declaratory judgment action which defendant Allstate filed. Allstate has directed a summary judgment motion against this claim, too. This case is now before the court upon defendant's summary judgment motions and defendant's motion to strike an affidavit which plaintiff has offered in response to one of the summary judgment motions.

The court shall first address defendant's motion for summary judgment against plaintiff's claim for litigation expenses in the sex discrimination action. The following facts are uncontroverted. Plaintiff filed the sex discrimination action on June 19, 1984. One of the defendants in that case, O.R. Whitaker, filed a counterclaim on July 20, 1984 charging plaintiff with defamation. Much later, defendant Allstate received a letter dated April 19, 1985 from Mr. Terry Riney, an insurance agent, notifying Allstate of the counterclaim. Allstate retained counsel, Mr. Lee McMaster, to defend the counterclaim. The counterclaim for defamation involved issues which overlapped with the sex discrimination claim. A settlement was reached in the sex discrimination case and the counterclaim on or about September 19, 1985. The case was dismissed on September 26, 1985.

Defendant contends that it should not be liable for any litigation expenses related to the sex discrimination action or the counterclaim because it did not receive notice of the counterclaim until the April 19, 1985 letter, and thereafter it retained counsel for the defense of the counterclaim. The court shall examine this contention in two parts. First, the court shall consider defendant's assertion that it did not receive notice of the counterclaim until the April 19, 1985 letter.

Plaintiff has made two responses to defendant's lack of notice argument. First, plaintiff asserts that defendant suffered no prejudice from the alleged delay in notice because the work of plaintiff's private attorney protected plaintiff's and defendant's

interests in defending the counterclaim. Second, plaintiff asserts that defendant received notice of the counterclaim shortly after it was filed when plaintiff and her husband spoke with Mr. Terry Riney. We believe plaintiff's second response generates a factual dispute which bars summary judgment. Therefore, we shall not decide at this juncture whether defendant must show prejudice from the alleged delay in notice.

Plaintiff contends that defendant received notice of the counterclaim shortly after the counterclaim was filed when plaintiff and her husband spoke to Mr. Terry Riney about coverage of the counterclaim. Mr. Riney is an insurance agent who sold the insurance policies in question to plaintiff and her husband. Plaintiff asserts that Mr. Riney somehow misunderstood her inquiry as asking whether defendant would cover the prosecution of the sex discrimination action and that Mr. Riney told plaintiff she had no coverage. Several months later, after another conversation, Mr. Riney suggested there could be coverage on the counterclaim and signed the April 19, 1985 letter referring the claim to defendant. The facts surrounding this issue are controverted. So, under the well-established rules governing summary judgment motions, we have accepted plaintiff's statement that Mr. Riney was informed of the counterclaim shortly after it was filed.

Defendant contends that any notice given to Mr. Riney cannot be treated as notice to defendant because Mr. Riney was an insurance broker, not an agent of defendant. Defendant cites Mr. Riney's deposition in support of defendant's argument. Mr. Riney has stated that he is not an employee of defendant; that he wrote insurance for more than one insurance company; and that he felt obligated to shop different insurance companies so that he could place insurance with the company that was best for his customer. In re-

sponse, plaintiff has cited Mr. Riney's deposition, where Mr. Riney states that he is an "authorized agent" of defendant. Plaintiff has also offered an affidavit from plaintiff's husband which states that Mr. Riney handled other claims with defendant for plaintiff and that Mr. Riney once told plaintiff and her husband, "I am Allstate."[1]

█ The general rule is that an insurance broker, that is someone employed by a person seeking insurance, is the agent of the insured rather than the insurer. *Reser v. Southern Kansas Mutual Ins. Co.*, 150 Kan. 58, 91 P.2d 25, 28 (1939); *Rosedale Securities Co. v. Home Ins. Co.*, 120 Kan. 415, 243 P. 1023, 1026 (1926). However, cases recognize that facts may create an exception to the general rule. In *Rosedale Securities Co. v. Home Ins. Co., supra,* the court acknowledged cases finding an exception to the general rule "when the insurer specifically requests the broker to do certain things or, being advised that the broker has done certain things, adopts his acts as though he had been specifically authorized by the insurer to perform them." See also, *Western Farm Bureau Mutual Ins. Co. v. Lee*, 63 N.M. 59, 312 P.2d 1068 (1957) (insurer waived objection to notice by insured to agent, given history of insured providing notice through the agent); *Yannuzzi v. United States Casualty Co.*, 19 N.J. 201, 115 A.2d 557 (1955) (notice to "authorized representative" of insurer is sufficient, even though insurer had terminated agency relationship with the representative when insured was not aware of termination); *Hankins v. Public Service Mutual Ins. Co.*, 192 Md. 68, 63 A.2d 606 (1949) (agent authorized by company to represent it in the prosecution and conduct of its business had express or apparent authority to receive notice for the insurer, despite company's claim that agent was a broker); 8 Appleman, INSURANCE LAW AND PRACTICE § 4736 pp. 83–84 (1981) ("Where there is evidence of a cus-

---

1. Defendant has filed a motion to strike Mr. Harvey's affidavit on the grounds that the statements made therein are not based on personal knowledge and because the affidavit includes conclusory statements of facts and law. We believe the affidavit contains competent evidence relevant to the summary judgment motion. For this reason, and because defendant has failed to delineate which portions of the affidavit are objectionable, the motion to strike the affidavit shall be denied. See *Underwood v. Waddell*, 743 F.Supp. 1291, 1293 (S.D.Ind.1990).

tom to that effect, a broker may properly receive notice of an accident, although generally a broker is deemed to be that agent of the insured, rather than of the company.").

■ In this case, the policies in question do not expressly say who is authorized to receive notice or where notice should be sent. Evidence of past practice regarding notice and evidence of the understanding between Riney and the defendant is not clear. Plaintiff also contends that Mr. Riney sought out she and her husband as insurance customers; they did not ask him to find insurance for them, in their view. In sum, the evidence presented in the summary judgment briefs is not conclusive of the implied or express authority of Riney. It is reasonably possible that a jury could decide that defendant, through Riney, received notice of the counterclaim shortly after the counterclaim was filed. Therefore, the court rejects defendant's argument for summary judgment upon plaintiff's claim for fees prior to the receipt of the April 19, 1985 letter.

■ The second part of defendant's summary judgment motion against plaintiff's claim for fees related to the sex discrimination case hinges on the conduct of counsel hired by defendant to defend the counterclaim. Defendant retained Mr. Lee McMaster to defend the counterclaim on behalf of plaintiff. Defendant argues that plaintiff is not entitled to compensation for any fees paid to her private attorney after Mr. McMaster was hired.

Plaintiff has replied that Mr. McMaster did not actively defend plaintiff. He did not appear at depositions; he did not conduct written discovery; he did not produce legal research; and he only billed defendant $2,500.00 for his work. Furthermore, plaintiff contends that her private attorney, with the agreement of Mr. McMaster, did some work related to the counterclaim, for which she has not been reimbursed. Defendant disputes plaintiff's contention that Mr. McMaster did not actively defend plaintiff's interests.

We believe fact issues remain which preclude summary judgment as to fees incurred after Mr. McMaster was retained by defendant. A jury could reasonably find that defendant did not fulfill its duty to defend and should reimburse plaintiff for fees which her counsel billed for work related to the sex discrimination case and the counterclaim.

In conclusion, for the above-stated reasons, the court shall deny defendant's motion for summary judgment against plaintiff's claim for attorney's fees related to her sex discrimination case and defense of the counterclaim.

■ Defendant's other summary judgment motion attacks plaintiff's claim for attorney's fees in connection with defending defendant's declaratory judgment action. Defendant argues that the declaratory judgment action was dismissed without a finding that defendant owed a duty of coverage and, therefore, plaintiff is not entitled to an award of fees. Plaintiff has responded that while the issue of coverage was not decided, the issue remains alive in plaintiff's claim for fees and, therefore, plaintiff's claim should not be dismissed. We believe plaintiff's position is correct. Plaintiff may continue to argue the coverage question for the purpose of retrieving fees, even if the declaratory judgment action was dismissed without the question being decided. See *Grain Dealers Mutual Ins. Co. v. Farmers Union Cooperative Elevator and Shipping Association*, 377 F.2d 672, 682 (10th Cir.1967).

Defendant also notes that plaintiff was a necessary party to the declaratory judgment action even as the action related directly to the coverage of claims against O.R. Whitaker. However, this fact does not direct that summary judgment be granted in defendant's favor if plaintiff can demonstrate the absence of a good faith legal controversy regarding the coverage of the counterclaim against plaintiff. See K.S.A. 40–256; *Farmers Ins. Co., Inc. v. Gilbert*, 14 Kan.App.2d 395, 791 P.2d 742, 750 (1990). Defendant claimed in the declaratory judgment action that plaintiff was not covered on the counterclaim. Plaintiff is entitled to try and prove that

defendant's claim did not present a good faith legal controversy. Therefore, defendant's motion for summary judgment against plaintiff's claim for fees related to the declaratory judgment action is denied.

In summary, defendant's motion to strike and defendant's motions for summary judgment are denied.

IT IS SO ORDERED.