724 F.Supp. 760 (1989)
Alfred D. LALLY and Barbara T. Lally, Plaintiffs,
v.
ALLSTATE INSURANCE COMPANY and Does 1 through 30, inclusive, Defendants.
No. 88-1876-GT(BTM).
United States District Court, S.D. California.
August 31, 1989.
*761 Scott W. Sonne, Stephen L. Marsh, Luce, Forward, Hamilton & Scripps, San Diego, Cal., for plaintiffs.
Andrew F. Lloyd, Duke, Gerstel, Shearer & Bregante, San Diego, Cal., for defendants.

MEMORANDUM DECISION AND ORDER
GORDON THOMPSON, Jr., Chief Judge.
Defendant Allstate Insurance Company's ("Allstate") motion for summary judgment came on for hearing before the Honorable Gordon Thompson, Jr. on August 21, 1989 at 10:30 a.m. Stephen L. Marsh appeared on behalf of Allstate. Andrew F. Lloyd appeared on behalf of the plaintiffs. Having fully considered all the pleadings, exhibits, declarations, and arguments of counsel at the hearing, the court finds that there is no genuine issue of material fact and rules as follows.

FACTS
This is an action for breach of contract and bad faith arising from Allstate's refusal to pay the disputed portion of plaintiffs' claim on a homeowners insurance policy. Plaintiffs Alfred and Barbara Lally obtained coverage under Allstate's Deluxe Homeowners Policy Form AU404 beginning in 1982. Allstate claims that effective on the renewal date of May 17, 1984, the policy was changed to Form AU9601, which *762 excludes losses caused by negligence of a third party.
Mrs. Lally first observed cracks in the ceiling and floor of her home during the fall of 1984. The cracks became progressively worse, and by Thanksgiving of that year the Lally's parquet floor and kitchen tiles had separated to the point that Mrs. Lally could see the underlying slab, which was also cracked. On deposition, Mrs. Lally testified that the cracking "was a big concern," and that her son-in-law suggested that she have a geologist investigate the problem.
At some time during 1985, Mrs. Lally retained Dale Hinkle to conduct a geotechnical investigation into the cause of the house's settlement. She received Mr. Hinkle's report in December, 1985, which concluded that "most of the problems were the result of poor foundation installation and grading practices." Realizing that she might have an insurance claim, Mrs. Lally contacted her attorney. The Lallys filed their claim with Allstate on April 23, 1986. They subsequently filed the instant action in San Diego Superior Court on October 21, 1986. Allstate removed the action to this Court. Allstate now requests that summary judgment be entered in its favor on the grounds that the Lallys' claims are barred by the policy's one-year suit limitation and the loss is excluded from coverage.

DISCUSSION

A. The One-Year Limitation Period

Allstate Deluxe Homeowners Insurance Forms AU404 and AU9601 contain the identical limitation on the right to sue. The one-year limitation period therefore applies in this case, regardless of the policy effective at the time of the loss. Both policies state, "No suit or action may be brought against us unless there has been full compliance with all the policy terms. Any suit or action must be brought within one year after the date of loss." The California courts have recently upheld the enforceability of such one-year policy limitations. See Abari v. State Farm Fire and Casualty Co., 205 Cal.App.3d 530, 252 Cal.Rptr. 565 (1988), review den.; Lawrence v. Western Mutual Ins. Co., 204 Cal.App.3d 565, 251 Cal.Rptr. 319 (1988). Such policy limitations are also expressly contemplated by the standard form insurance policy. See Cal.Ins.Code § 2071. Because each of the theories alleged in the plaintiffs' first amended complaint is fundamentally a claim on the policy, the entire action is subject to the one-year claims limitation. See Lawrence, 204 Cal.App.3d at 575, 251 Cal.Rptr. 319.
Allstate argues that the plaintiffs' suit is barred because it was filed nearly two years after they became aware of cracks in the slab, floors, and ceiling of the house. The plaintiffs contend, however, that the limitation period did not begin to run until the time when they received the geotechnical report from Mr. Hinkle. The California Court of Appeals has recently held that a delayed discovery rule must be applied to the running of policy limitation periods such as the one at issue here. See Prudential-LMI Commercial Ins. v. Superior Court (Lundberg), 211 Cal.App.3d 1131, 260 Cal.Rptr. 85 (1989); Fire Ins. Exchange v. Superior Court (Johnson), 212 Cal.App.3d 39, 260 Cal.Rptr. 299 (1989). Under the delayed discovery rule, the limitations period "begins to run at the point at which a reasonable person would be found in possession of facts placing him or her on notice of a possible defect in the property." Prudential-LMI, 260 Cal.Rptr. at 86. In other words, the period begins "when the loss becomes reasonably observable." Id.
Application of this standard to the undisputed facts in the instant case compels the conclusion that the limitations period began to run when Mrs. Lally observed the cracks in her ceiling and floors in the fall of 1984. This is not a situation where the insured was "blamelessly ignorant" of hidden damage. Cf. April Enterprises, Inc. v. KTTV, 147 Cal.App.3d 805, 826-827, 195 Cal.Rptr. 421 (1983). Just as the parting of roof rafters in the Fire Ins. Exchange case "was an objectively observable fact which should have placed [the plaintiff] on notice of the possibility of defects in the property," 260 Cal.Rptr. at 304, so too were the parting of parquet floor and kitchen tiles, *763 and cracks in the slab and ceiling of the Lally home. The damage was severe enough for Mrs. Lally's son-in-law to suggest that she consult a geologist to determine the cause of the soil subsidence, which she later did. By Thanksgiving of 1984, therefore, Mrs. Lally was clearly in possession of facts which would place a reasonable person on notice of possible defects in the property.
The plaintiffs contend that the limitations provision nevertheless should be construed against Allstate because it uses the words "date of the loss" in lieu of the statutory language "inception of the loss." See Cal.Ins.Code § 2071. This argument is unpersuasive. The difference between "date" and "inception" of the loss is trivial, at best. See State Farm Fire & Casualty Co. v. Superior Court (Bolek), 210 Cal. App.3d 604, 610, 258 Cal.Rptr. 413 (1989) (discussing the difference between "occurrence" and "inception"). As the court stated in Bolek, "The insureds here cannot identify any prejudice to their rights arising out of these inconsequential differences in language such as could possibly justify wholesale excision of the provisions from the policies." Id. In addition, since the one-year suit limitation clause is authorized by statute, it must be construed so as to implement the Legislature's apparent intentions rather than strictly construed against the insurer. Fire Ins. Exchange, 260 Cal.Rptr. at 302.

B. Waiver

Notwithstanding the above, the plaintiffs argue that Allstate has waived the limitations condition in the policy by (1) failing to raise it as an affirmative defense in its answer, and (2) by settling the undisputed amount of the plaintiffs' claim even though the limitations period had already run. As to the first waiver argument, Allstate's denial of the plaintiffs' allegation of compliance with all policy provisions was sufficient to put the limitations provision at issue under California law because the Lally's complaint was not verified. See 5 Witkin, California Procedure, § 981 (3d ed. 1985); Cal.Civ.Proc.Code § 431.30(d). In addition, the Federal Rules of Civil Procedure do not require repleading when an action is removed from state court. See Fed.R.Civ.P. 81(c). Therefore, the limitations period was appropriately raised in the pleadings and is at issue in this case.
In their second waiver argument, the plaintiffs contend that Allstate waived the 12-month suit condition by paying them $195,220 on September 7, 1988, in settlement of the undisputed amount of the plaintiffs' claim. Allstate claims that it is entitled to summary judgment, however, because it sent a reservation of rights letter to plaintiffs' attorney on July 1, 1986 which clearly states that any "activity on our part by way of investigating or settlement ... does not constitute a waiver of any rights." In addition, Allstate later specifically refused plaintiffs' request for a waiver of the limitations period. Nevertheless, the plaintiffs further contend that there is at least an issue of fact as to whether there was a waiver. Plaintiffs cite 18A Couch on Insurance § 75:192 at 184 (2d ed. 1983), which states "The question of waiver or estoppel as to a contractual limitation of time provision in an insurance policy is one for the jury."
Under the circumstances of this case, however, the Court concludes that there is no question of waiver to reach the jury. Waiver is usually defined as an "intentional relinquishment of a known right." 1 Witkin, Summary of California Law § 769 at 695 (9th ed. 1987). A contractual condition may be waived where the party entitled to a certain performance accepts partial or defective performance. Id., § 767 at 694. For a waiver to be binding, however, the other party must materially change his position in reliance upon it. Id., § 769 at 695 (citing Rest.2d, Contracts § 84(2) and Comment (f); 3A Corbin on Contracts § 764; 5 Williston on Contracts § 741 (3d ed.)). The facts of this case show that the plaintiffs could not have changed their position in reliance on Allstate's alleged waiver, because the suit limitation period had already expired before they notified Allstate of the loss and filed this action.
*764 In contrast to the instant case, the cases cited by Couch involved conduct by the insurer prior to the termination of limitation period which may have caused the insured to refrain from bringing his action in a timely fashion. See 18A Couch on Insurance § 75:194 at 184 fn. 11. For example, in Albino Linoleum & Carpet Service, Inc. v. Utica Fire Ins. Co., 33 A.D.2d 638, 305 N.Y.S.2d 120 (1969), the court held that whether the insurer's conduct was such as to lull the insured into refraining from instituting an action so as to estop the insurer from raising the limitation defense is a question of fact. In Georgia Farm Bureau Mut. Ins. Co. v. Mikell, 126 Ga.App. 640, 191 S.E.2d 557 (1972), the court held there was a jury question regarding waiver where the parties entered into settlement negotiations two months prior to the running of the limitation period and the insurer denied the claim only when the period expired.
In addition, the court in Ciaccio v. North River Ins. Co., 17 Ill.App.3d 940, 308 N.E.2d 860 (Ill.App.1974) held that whether the insurer's investigation of a claim prior to the expiration of the limitation period was sufficient to lull the plaintiff to reasonably believe his claim would be settled without suit was a question of fact to be determined by the jury. Similarly, in Peoples State Bank v. Ohio Casualty Ins. Co., 96 N.M. 751, 635 P.2d 306 (1981), there was an issue for the jury whether the insurer waived its right to enforce a limitation period where the insurance agent told the insured that the loss was covered and attempted to negotiate a settlement throughout the limitation period.
Unlike the above-cited cases, there are no facts in the instant action which would indicate that Allstate did anything to prevent the plaintiffs from filing their suit before the limitation period had expired. As discussed earlier, the limitation period began to run when Mrs. Lally observed the cracks in her ceiling and floors around November, 1984. She and her husband did not file their claim with Allstate until April 23, 1986, however. Thus, Allstate could not have commenced its investigation or initiated settlement discussions until well after the one-year limitation period had expired. Consequently, it is obvious that Allstate's settlement of the undisputed amount of plaintiffs' claim could not have prejudiced the plaintiffs by lulling them into refraining from filing a timely action. Rather than prejudicing the plaintiffs, Allstate's attempt to settle their tardy claim seems to have benefited them.
The Court is not unmindful of the requirement that in considering a summary judgment motion, it must view the facts most favorably to the nonmoving party and give that party the benefit of all reasonable inferences that can be drawn from the facts. Nevertheless, as the Supreme Court stated in Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986), "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). In the instant case, the plaintiffs have failed to submit sufficient evidence to satisfy this modest burden, because, for the reasons discussed above, the parties' settlement negotiations are immaterial to any alleged waiver of the policy's suit limitation condition.

C. Coverage Under The Policy

Since plaintiffs' suit was not timely under either Policy Form AU404 or Policy Form AU9601, the Court need not decide whether their claim was covered or excluded under the applicable policy. The issue of whether the loss falls within the third-party negligence exclusion clause in Form AU9601 is therefore moot.

CONCLUSION
Accordingly, Allstate's motion for summary judgment is hereby GRANTED.
IT IS SO ORDERED.