15 F.3d 1088
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ray NEHDAR, Plaintiff-Appellant,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellee.
 No. 92-55523.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 30, 1993.
Decided Dec. 30, 1993.
 
 Before: TANG, CANBY and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ray Nehdar appeals the summary judgment entered in favor of defendant Allstate Insurance Company. The district court determined that Nehdar had not complied with the statutory prerequisites to maintain an action against an insurer for underinsured motorist coverage pursuant to section 11580.2(i) of the California Insurance Code. We affirm.
 
 
 3
 Nehdar suffered injuries in an automobile accident on February 22, 1990. The other motorist involved in the accident carried $15,000 of liability insurance under a policy issued by Farmers Insurance. Nehdar is insured by Allstate. His policy includes uninsured/underinsured motorist coverage as required by section 11580.2(a)(1) of the California Insurance Code.
 
 
 4
 Shortly after the accident, John Younesi, Nehdar's attorney, notified Allstate of the accident and of the likelihood that Nehdar's injuries would exceed the other motorist's policy limits, thus precipitating a claim under the underinsured motorist provisions of Nehdar's policy. Younesi kept Allstate representatives advised of the progress of settlement negotiations with the underinsured motorist and Farmers from March through August of 1990. In late August 1990, Nehdar, Farmers and the underinsured motorist executed a settlement under the terms of which Farmers paid the underinsured motorist's $15,000 policy limit to Nehdar and Nehdar released both Farmers and the underinsured motorist of all claims arising from the accident.
 
 
 5
 Younesi then continued to exchange correspondence and information with Allstate regarding Nehdar's claim for underinsured motorist coverage. Allstate made several requests for various documents necessary to determine the value of Nehdar's underinsured motorist claim. Younesi eventually provided the information requested, often asserting that Allstate already possessed sufficient documentation to warrant payment of the full amount of underinsured motorist coverage remaining under Nehdar's policy.[1] In February, Younesi indicated that he would soon file a complaint against Allstate, but would refrain from serving the complaint in the hope that the matter would be resolved quickly.
 
 
 6
 Younesi filed this suit against Allstate in California superior court on February 7, 1991, alleging breach of duty of good faith and fair dealing, breach of statutory duty and breach of contract. This is the state of affairs that existed on February 22, 1991, the one-year anniversary of the accident.
 
 
 7
 Younesi served Allstate with the complaint in April of 1991 and Allstate removed the case to the United States District Court for the Central District of California. Allstate moved for summary judgment, asserting that Nehdar's action is time-barred because Nehdar failed to follow the procedures of California's Insurance Code. Section 11580.2(i) of the Code provides:
 
 
 8
 No cause of action shall accrue to the insured under any policy ... issued pursuant to this section unless one of the following actions have (sic) been taken within one year from the date of the accident:
 
 
 9
 (1) Suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction.
 
 
 10
 (2) Agreement as to the amount due under the policy has been concluded.
 
 
 11
 (3) The insured has formally instituted arbitration proceedings.
 
 
 12
 Cal.Ins.Code Sec. 11580.2(i) (West Supp.1993). The district court granted the motion.[2]
 
 I.
 
 13
 This court reviews de novo a district court's grant of summary judgment. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987). Our review is governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56(c). Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether any genuine issues of material fact exist and whether the district court correctly applied the relevant substantive law. Id. An issue is not genuine unless the evidence is such that a reasonable jury could return a verdict for that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986).
 
 II.
 
 14
 Nehdar argues that a genuine issue of material fact exists as to whether Nehdar and Allstate reached an agreement as to the amount due under the policy, as required by the insurance code. We disagree. The record, even when viewed in the light most favorable to appellant, cannot support such a conclusion.
 
 
 15
 Nehdar repeatedly asserted at oral argument and in his brief that there was an agreement between the parties that he was entitled to the maximum amount of underinsured motorist coverage payable under his policy with Allstate. Yet in all instances these assertions are not supported by the record. Upon examination of the correspondence between the parties and the claim diaries of Allstate representatives, upon which Nehdar relies, the most that can be said is that Allstate anticipated the possibility of having to make some payment upon the claim when its representative wrote in his claims diary that "this claim may be large" on February 12, 1991. Nowhere in the record, except for the bald assertions of Younesi in his declaration opposing Allstate's motion for summary judgment, is there any evidence of an agreement as to the amount due under the policy, as required by the insurance code. Cal.Ins.Code Sec. 11580.2(i)(2). Indeed, other evidence clearly reveals that the parties did not reach any such agreement within one year of the accident.[3]
 
 
 16
 Viewing the evidence in the light most favorable to the appellant does not require us to disregard the record's uncontroverted evidence that is unfavorable to appellant. A reasonable jury could not conclude that the parties had reached an agreement as to the amount due under the policy within one year from the date of the accident. Therefore, no genuine issue of material fact exists regarding whether the parties had reached an agreement as required by the Insurance Code.
 
 III.
 
 17
 Nehdar next asserts that Allstate induced his failure to comply with the requirements of Cal.Ins. Code Sec. 11580.2(i) by lulling him into a false sense of security with promises to settle the claim for $80,000.00. He contends that Allstate therefore is estopped to invoke the protection of the statute. We reject this argument as well.
 
 
 18
 Four elements must be present for the application of equitable estoppel:
 
 
 19
 (1) [T]he party to be estopped must be apprised of the facts; (2) he must intend that his conduct be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury.
 
 
 20
 City of Long Beach v. Mansell, 476 P.2d 423, 442 (Cal.1970) (quotation omitted). Thus, a party claiming estoppel must show as an element of his claim that he relied upon the conduct of the other party to his detriment. See id.
 
 
 21
 Nehdar filed this action against Allstate two weeks before the expiration of the statutory time period in which he could have preserved his rights by one of the methods contained in section 11580.2(i). In his complaint, Nehdar alleges, inter alia, "[b]ad faith failure to provide a prompt and reasonable explanation of the basis relied upon in the POLICY, in relation to the applicable facts, for the denial and/or unreasonably slow processing of plaintiff's claim for benefits." A reasonable jury could not conclude that Nehdar was lulled into a false sense of security by any alleged representations regarding settlement of his claim at the very same time that he filed this suit against Allstate. Therefore, no genuine issue of material fact exists as to Nehdar's estoppel argument.
 
 IV.
 
 22
 Finally, Nehdar argues that a genuine issue of material fact exists regarding whether Allstate waived its rights under the California Insurance Code and the identical preconditions for suit contained in Nehdar's policy. Waiver is the intentional relinquishment of a known right. Lally v. Allstate Ins. Co., 724 F.Supp. 760, 763 (S.D.Cal.1989) (citing 1 Witkin, Summary of California Law Sec. 769 at 695 (9th ed. 1987)), aff'd, 930 F.2d 28 (9th Cir.1991); Rheem Mfg. Co. v. United States, 371 P.2d 578, 581 (Cal.1962) (in bank). Waiver may be found when a person acts in a way which "is so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished." Rheem Mfg., 371 P.2d at 581. Waiver of a contractual condition will not be binding, however, unless the other party materially changes his position in reliance on the waiver. Lally, 724 F.Supp. at 763.
 
 
 23
 In Lally, an insured asserted that his insurer had waived its limitations defense by investigating and settling a portion of a claim after the period for bringing suit had expired. Id. The court held that although waiver is normally a fact question to be resolved by a jury, summary judgment on the issue was appropriate when the facts showed that the plaintiff could not have changed its position in reliance on conduct occurring after the time limitation already had expired. Id.
 
 
 24
 Similarly, the evidence in this case reveals that Nehdar could not have relied on any alleged conduct of Allstate occurring before the one-year anniversary of the accident. First, agreeing to pay Nehdar the policy limit cannot be the basis of waiver because we have concluded that no agreement had been reached. We also have concluded that Nehdar could not have been relying on any alleged promises to settle his claim at the very moment that he filed this suit. Thus, the only "act" of waiver by Allstate on which Nehdar may have changed his position prior to the one-year anniversary of the accident was Allstate's failure to notify him that his proper course of action was to institute arbitration proceedings rather than file this lawsuit. The California Insurance Code, however, expressly relieves an insurer from the burden of informing a represented insured of the provisions of section 11580.2(i). Cal.Ins.Code section 11580.2(k). Thus, Nehdar essentially is asking that we conclude that Allstate's assertion of one statutory right can constitute a waiver of another statutory right. Such a conclusion would be contrary to the statutory scheme.
 
 V.
 
 25
 The California Legislature, in enacting section 11580.2(i), has established the requirements for maintaining an action against an insurer for uninsured motorist coverage. Both the statute and Nehdar's own insurance policy clearly stated the manner in which Nehdar should have proceeded--namely, by making a timely demand for arbitration of his claim. We find no means by which we can excuse Nehdar's failure to proceed in accordance with the policy and the statute's requirements.[4]
 
 
 26
 Accordingly, we AFFIRM.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The policy limit for underinsured coverage was $100,000.00. Because Nehdar has received $15,000 in settlement from the underinsured and also has received $5,000 in med/pay benefits from Allstate, he contends that $80,000 was the amount of coverage remaining under the underinsured motorist provisions of the policy
 
 
 [2]
 Although the parties and the district court characterize the district court's disposition as a finding that Nehdar's claim was time-barred by section 11580.2(i)'s "statute of limitation," the disposition is more akin to a dismissal for failure to state a claim. Allstate's contention cannot be that this action is time-barred, because the complaint was filed within one year of the accident giving rise to appellant's claim. Allstate's real contention is that this action does not exist because none of the alternative statutory conditions for accrual of a cause of action occurred within the one-year statutory time period. See Cal.Ins.Code Sec. 11580.2(i) (West Supp 1993)
 
 
 [3]
 We find the following evidence particularly persuasive: Allstate's representative expressed reservations regarding Nehdar's claim and requested tax forms in support of Nehdar's contentions regarding lost wages; this request remained unfulfilled on February 22, 1991, the one year anniversary of the accident; when Younesi finally furnished the requested material in March, he himself stated that he was "confident ... that we will be able to amicably resolve this matter." (emphasis added). Thus, Nehdar's own attorney indicated that the claim remained unresolved beyond the one-year anniversary of the accident
 
 
 [4]
 We are aware of only one California case in which a court relaxed the strict requirements of the section. In that case, the Court of Appeal of California accepted the proposition that an insured's letter demanding uninsured motorist payments from his insurer, coupled with the filing of a lawsuit against the insurer within one year of the accident giving rise to the claim, satisfied the requirement of formally demanding arbitration contained in section 11580.2(i). See Calhoun v. State Farm Mut. Aut. Ins. Co., 62 Cal.Rptr. 177, 182 (Cal.Ct.App.1967) (construing Cal.Ins.Code Sec. 11580.2(h)(3), subsequently renumbered as current section 11580.2(i)(3)). We find Calhoun to be distinguishable from this case, however, because in Calhoun a legal question regarding coverage existed which was not arbitrable, making arbitration proceedings an idle act prior to the determination of the legal question. Id. at 181. No such threshold legal issue is presented in this case